IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| KYLENA ROBERTS | ) | Case No.: 7:13-CV-39-FL |
|---|---|---|
| Plaintiff, | ) | |
| V. | ) | **WRITTEN OBJECTIONS TO THE** |
| | ) | **PROPOSED MEMORANDUM AND** |
| ONSLOW COUNTY BOARD OF EDUCATION, | ) | **RECOMMENDATIONS** |
| Defendant. | ) | |

Pursuant to 28 U.S.C, Section 636 (b) (1) (C), the Plaintiff makes written objections on the proposed findings and recommendations contained in the complaint filed August 28, 2014 "MEMORANDUM & RECOMMENDATION" of the Honorable Kimberly A. Swank. U.S. Magistrate Judge as follows:

## BACKGROUND

Plaintiff agrees with the background stated by Magistrate Swank but disagrees with certain portions as listed below:

**OBJECTION NO. 1**:

The Plaintiff objects to written findings that Plaintiff testified in her deposition that she did not want to have surgery later in the summer because she was scheduled to go to her parents' home in West Virginia to help care for them". (Pl.'s Dep. at 37)

The Plaintiff stated that the only other time that she could have surgery was in October, 2011 <u>not</u> later in the summer (Pl.'s Dep. at pp 47-48).

**OBJECTION NO. 2:**

The Plaintiff did not know that her colleagues did not enter the grades properly. Plaintiff sent report cards home on time and entered six weeks grades on June 8, 2011 before her surgery. There were only two final average grades that were missing and; this could have been caused by a student's absence or no show. There were many other teachers' that experienced the same problems.

## DISCUSSION

The Plaintiff has no objections to "I. Standards of Review"

**OBJECTION NO. 3:**

The Plaintiff filed her original charge of discrimination prior to November 29, 2011. (See attached copies from Nancy L. Chapman EEOC Investigator.) The Plaintiff objects to the findings that "Plaintiff filed her EEOC charge on January 5, 2012." The Court should consider Plaintiff's allegations regarding her denial of pay for taking unauthorized leave from June 9 through 17, 2011. Said allegations are well within the 180 days of the scope of EEOC review. The Court should have conducted a review of Plaintiff's timely claim of discrimination. In, Bratcher v. Pharm. Prud. Dev., Inc., 545 F. Supp. 2d. 533. (E.D.N.C. 2008), the court found that it had received a "right to sue" letter indicating that Bratcher's charge was not timely filed with the EEOC "and that" Bratcher waited too long after the date of the charges. Such is not the case here. Plaintiff's EEOC initial charge was filed October 3, 2011 and November 29, 2011. Plaintiff initial charge addressed the denial of leave issues on June 2011. (See attached Intake Questionnaire)

**II b. Civil Suit**

The Plaintiff has no objections to the Court's findings and recommendations under this paragraph.

**IV. AGE DISCRIMINATION CLAIM**

The Plaintiff disagrees with the Court's findings that no direct evidence was presented. The Plaintiff has alleged that a younger male teacher was treated more favorably than the Plaintiff. The Plaintiff stated the teacher's name but not this age. (Pl's Dep at 61) A review of ADEA does not hand Federal courts an unbridled discretion to review business decisions but it does create a cause of action against business decisions that merge with age discrimination.

ADEA protects employees over age 40 from discrimination. The Plaintiff is over age 40 and by implication the younger male teacher that was treated better than Plaintiff is under 40. The court incorrectly found that Plaintiff has failed to come forward with evidence to suggest that she was treated differently than other employees who are not in the protected class. In O'Connor v Consolidated Coin Caterers Corp., 517 U.S. 308, 116 S.Ct. 1307 (1996), a plaintiff can state a claim as long as she is replaced by someone younger, even if the replacement is 40 years old or older. The Plaintiff contends that the Court has incorrectly applied a "substantially younger" standard.

**IV. DISABILITY DISCRIMINATION CLAIM**

The Plaintiff disagrees with the Court's finding that Plaintiff failed to state a valid claim of disability discrimination.

After Plaintiff's medical procedure, her physician (Dr. Belinda McPherson) placed the Plaintiff on a temporary total disability status from June 9, 2011 until October 14, 2011. Plaintiff was not only recovering from facial surgery but also suffering from other disabilities to include work related stress and anxiety. (Pl's Dep. at 57-58) Plaintiff did allege in her complaint "other

3

Case 7:13-cv-00039-FL   Document 26   Filed 09/15/14   Page 3 of 5

disability" which the court did not consider. The Court committed error by disregarding Plaintiff's work-related stress and anxiety as a disability.

## VI. RETALIATION

The Plaintiff disagrees with the Court's findings that Plaintiff presented no evidence to support her claim of retaliation.

The Plaintiff testified in her deposition that 1) her class space was reduced, 2) her pay was withheld, 3) her classes were changed and 4) the number of students were reduced <u>after</u> she told Principal Shannon that she did not plan to retire. (Pl. Dep. at pages 62-69) Therefore, ample evidence was demonstrated that Plaintiff would have not been subjected to the above but for her decision not to retire.

## **CONCLUSION**

Based on the foregoing arguments, the Plaintiff respectfully requests the Court to make a de novo determination regarding those portions of the U.S. Magistrate's specific findings and recommendations which support Defendant's Motion for Summary Judgment.

This the 15th day of September, 2014.

/s/ ERNEST J. WRIGHT
Attorney for Plaintiff
P.O. Box 369
Jacksonville, NC 28540
Telephone (910) 455-9646
Facsimile (910) 347-9509
Email:wrightlaw@earthlink.net
State Bar No. 10605

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KYLENA ROBERTS | ) | Case No.: 7:13-CV-39-FL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| ONSLOW COUNTY BOARD | ) | |
| OF EDUCATION, | ) | |
| Defendant. | ) | |

I hereby certify that on September 15, 2014, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

    Scott C. Hart
    Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
    Post Office Drawer 889
    New Bern, NC 2563

                      Respectfully submitted,

                      /s/ ERNEST J. WRIGHT
                      Attorney for Plaintiff
                      P.O. Box 369
                      Jacksonville, NC 28540
                      Telephone (910) 455-9646
                      Facsimile (910) 347-9509
                      Email:wrightlaw@earthlink.net
                      State Bar No. 10605