IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-39-FL

| | | |
|---|---|---|
| KYLENA ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ONSLOW COUNTY BOARD OF EDUCATION, | ) ) ) | |
| | ) | |
| Defendant. | | |

This matter is before the court on defendant's motion for summary judgment. (DE 18). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), (DE 24), wherein it is recommended that the defendant's motion be granted. Plaintiff timely filed objections to the M&R, and defendant filed a response. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge and grants defendant's motion for summary judgment.

## STATEMENT OF THE CASE

Plaintiff filed this action on March 5, 2013, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff alleges that defendant, her employer, discriminated against her on the basis of disability, age, and retaliation for engaging in protected activity. (DE 1).

On March 7, 2014, defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (DE 18). Defendant first argues that plaintiff's claims are time-barred by the statute of limitations. Additionally, defendant argues that plaintiff cannot establish a prima facie case for either discrimination or retaliation and that, even if plaintiff could establish a prima facie case, that defendant has put forward legitimate nondiscriminatory reasons for its actions, which are not pretextual. On March 28, 2014, plaintiff responded to defendant's motion. (DE 22). Defendant submitted its reply on April 11, 2014. (DE 23). On that same day, the court referred the motion to the magistrate judge for M&R. The magistrate judge entered her M&R on August 28, 2014, recommending that defendant's motion for summary judgment be granted. (DE 24). Plaintiff, through her attorney, timely fled objections to the M&R, (DE 27), to which defendant responded, (DE 28).

**STATEMENT OF THE FACTS**

The court adopts the facts as recited in the M&R. In so doing, the court notes that plaintiff raises two objections to the M&R's recitation of the facts. However, the court declines to address these objections as they concern immaterial facts. The material undisputed facts may be summarized as follows.

Plaintiff is a fifty-seven year old female who has been employed by the Onslow County School System for approximately 27 years. (Pl.'s Dep., DE 21-1, at 16-17).[1] Plaintiff alleges that defendant began discriminating against her in or around April 2011, when she completed a form indicating that she would not retire and intended to teach in the 2011-2012 school year. (Id. at 29).

---

[1] Citations to depositions or other discovery documents refer to the internal pagination of the document, not pagination provided by CM/ECF.

In May 2011, plaintiff approached Dixon High School principal John Shannon ("Shannon") and requested leave for the last week of the school year to undergo an elective face-lift procedure. (Id. at 32-33, 36). Plaintiff originally scheduled the procedure for June 16, 2011, a date during the summer. (Id. at 32-33). However, plaintiff had to reschedule for June 9, 2011, a date during the school year. (Id.). While Shannon informally approved plaintiff's request for leave, he later asked to see documentation that plaintiff's surgery was medically necessary. (Id. at 34, 36). Plaintiff never provided that documentation. (Id. at 42-43). Without receiving formal approval for her leave, plaintiff took leave on June 9, 2011. Plaintiff missed two days in the final week of school and two teacher work days. (Shannon Affidavit, DE 19 ¶¶ 9, 12). Plaintiff was not paid for those days. (Id. ¶13).

Plaintiff returned to work in August 2011. (Pl.'s Dep., DE 21-1, at 62). Plaintiff complains that when she returned, she was given a smaller classroom, a senior seminar in which she was to oversee senior projects, and a different planning period. (Id. at 63-73). Plaintiff also was assigned to teach a class geared toward freshman called "Teen Living." (Id. at 69-71). Plaintiff specifically had indicated that she did not want to teach freshmen. (Id. at 71.) Shannon indicated that the changes were necessary because of a change in school dynamics. (Shannon Affidavit, DE 19, ¶17).[2]

---

[2] Specifically, Shannon explained:

> Because the needs of the school had changed from prior years, Ms. Roberts was assigned to teach different classes for the 2011-20 12 school year than she had the year prior, but classes that were nevertheless within her area of training and expertise. Ms. Roberts' change in schedule and class assignments were all a result of changing student population and class preference, as well as changes in available staff. Specifically, the demand for Ms. Roberts' classes previously taught was down from years past.

(Shannon Affidavit, DE 19, ¶17).

Plaintiff contends that she was denied sick leave during September and October of 2011. (DE 1, at 2). On September 20, 2011 plaintiff applied for and received short-term disability due to stress and anxiety, which caused her to be out for the remainder of the 2011-2012 school year. (Pl.'s Dep., DE 31-1, at 79, 81, 84). Despite her contention, plaintiff's leave was approved; however, she further alleges that received 8 days worth of pay, owed in September 2011, a month late. (Id. at 81-83). Finally, plaintiff contends that in the 2012-2013 school year defendant prevented her from returning to work while she was recovering from a broken arm. (Id. at 89, 95).

## DISCUSSION

1.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the nonmoving party then must affirmatively demonstrate, with specific evidence, that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus.

4

Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see also United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

2.  **Objections to the M&R**

Plaintiff raises several objections to the M&R. Plaintiff does not, however, object to the magistrate judge's determination that claims of age and disability discrimination, in addition to age-

5

based retaliation, are not cognizable under Title VII. (DE 24, at 8); (DE 27); see also 42 U.S.C. § 2000e-2; Zombro v. Balt. Police Dep't, 868 F.3d 1364, 1369 (4th Cir. 1989) ("the conclusion is irresistible that the ADEA provides the exclusive remedy for claims of age discrimination"); Crow v. McElroy Coal Co., 290 F. Supp. 2d 693, 696 (N.D. W. Va. 2003) ("[D]isability is not a protected class under Title VII."). Thus, because the court finds no clear error in the magistrate judge's determination, summary judgment should be entered as to all pending claims.

In the alternative, considering the claims as if properly pleaded, under the relevant statutes, summary judgment is required. The M&R also engages in an alternative analysis, which considers plaintiff's claims both under the proper statute and on the merits. Plaintiff raises objections to the M&R's determination that summary judgment should be entered as to her Age Discrimination in Employment Act ("ADEA") discrimination and retaliation claims and her Americans with Disabilities Act ("ADA") discrimination claim. Where plaintiff raises these three specific objections, the court addresses them in turn below. Accordingly, the court will adopt the M&R's conclusions for the reasons set out below.[3]

    a. **ADEA Claims**

        i. **Discrimination.**

The ADEA provides it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Under the

---

[3]The magistrate judge also determined that plaintiff's claims were untimely insomuch as they focused on defendant's decision to deny sick leave at the end of the 2010-2011 school year. Upon objections asserted by plaintiff, the court declines to adopt the recommendation of the magistrate judge as to timeliness. For the reasons state above, however, the court adopts the recommendation to grant summary judgment on the merits of the claim.

6

ADEA plaintiff "must prove, by a preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 168 (2009). Plaintiff has two avenues to prove but-for causation. Plaintiff may offer "direct evidence" that discrimination was the but-for cause of the employment decision. Univ. Of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2523 (2013). Alternatively, plaintiff may proceed under the McDonnell Douglass burden shifting approach. Hill v. Lockheed Martin Logistics Mgmt., 354 F.3d 277, 284-85 (4th Cir. 2004); see generally, McDonnell Douglas Corp. v. Green, 411 U.S. 807 (1973). This is called the "pretext" proof structure. See id.

To proceed under the pretext proof structure, the plaintiff must first establish a prima facie case of discrimination. Hill, 354 F.3d at 285; see also Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). The prima facie case has four elements. Plaintiff must demonstrate that: (1) she is over 40 years old; (2) she suffered an adverse employment action; (3) she was performing her job satisfactorily at the time of the adverse action; and (4) a similarly-situated, substantially younger individual was treated more favorably. See Dugan v. Albemarle Cnty. Sch. Bd., 293 F.3d 716, 720-22 (4th Cir. 2002); see also Apodaca v. Sec'y Dep't Homeland Sec., 161 Fed. App'x 897, 900 (11th Cir. 2006). Once plaintiff establishes a prima facie case, the employer bears the burden of coming forward with a legitimate nondiscriminatory reason for the adverse action. Hill, 354 F.3d at 285. Finally, the plaintiff-employee must then demonstrate that the proffered justification is pretext for discrimination, i.e., that the reason given is untrue and defendant's true motive was discriminatory. Id.

Plaintiff did not produce any direct evidence and must proceed under the pretext framework. The M&R provides a thorough discussion of each element of the prima facie case, defendant's

7

proffered legitimate nondiscriminatory reasons, and plaintiff's inability to refute those reasons and demonstrate pretext. However, plaintiff specifically objects to the M&R's determination that she failed to plead a prima facie case of age discrimination under ADEA. The court overrules plaintiff's objection as moot. As set out in the M&R, even assuming plaintiff established a prima facie case[4] of age discrimination, she has not adduced sufficient evidence to demonstrate to the court a triable issue of fact exists as to "pretext."

Satisfying the "pretext" element requires the plaintiff to demonstrate (1) her employer's proffered explanation is false and (2) that her employer's true motivation was to discriminate based on age. Laber v. Harvey, 438 F.3d 404, 430-31 (4th Cir. 2006) (en banc); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000). If plaintiff "create[s] only a weak issue of fact as to whether the employer's reason [is] untrue and there [is] abundant and uncontroverted independent evidence that no discrimination is occurred" then defendant is entitled to summary judgment. Id. at 148. In the instant case, plaintiff has offered no evidence that defendant's proffered justifications were false. Additionally, plaintiff has not produced any evidence linking the allegedly adverse employment actions with a discriminatory animus.

Plaintiff has not demonstrated that defendant's proffered justifications are false. Plaintiff

---

[4] The court will not assume that plaintiff has established the prima facie case for one particular alleged incident of discrimination. Plaintiff contends that she was discriminated against on the basis of age when defendant would not allow her to return to work after she broke her arm, but was cleared by a doctor. (Pl.'s Dep., DE 21-1, at 95). Plaintiff has failed adduce any evidence that a similarly situated, substantially younger employee was treated more favorably. As such, plaintiff has failed to establish the prima facie case with respect to this specific instance of alleged discrimination.

8

first contends that she was denied medical leave and had payment withheld in June of 2011.[5] (Pl.'s Dep., DE 21-1, at ). Defendant submits that plaintiff was refused medical leave because she failed to submit the requested documentation, (Pl.'s dep., DE 21-1, at 42-43), and because plaintiff's absence would cause her to miss administering two end-of-year exams, (Shannon Affidavit, DE 19 ¶5). Defendant contends that plaintiff received late wage payment for the same reasons. (Shannon Affidavit, DE 19 ¶5). In support of the "abrupt changes" made to plaintiff's schedule, defendant contends that Plaintiff "was assigned to teach different classes for the 2011-2012 school year than she had [taught] the year prior," but, the classes were within plaintiff's field "of training and expertise." (Shannon Dep., DE 19 ¶17). Further, defendant submits that these changes were necessitated by a change in "student population . . .[,] class preference, as well as changes in available staff. (Id.). The demand for plaintiff's classes was down from previous years. (Id.).

Plaintiff offers no evidence to disprove defendant's justifications. Instead, plaintiff relies on speculation and conjecture. Plaintiff admits not submitting the requested documentation. Further, plaintiff offers no evidence to rebut defendant's proffered explanation of change in school dynamics for the changes in her schedule.

Further, even if plaintiff had demonstrated that defendant's proffered nondiscriminatory reasons were untrue, plaintiff cannot establish that defendant's ultimate decisions were motivated by discriminatory animus. First, plaintiff contends that a younger teacher was given leave during the same time period. (Pl.'s dep., DE 22, at 59-62). However, plaintiff offers no additional facts from which the court, or a reasonable juror, could draw the inference of discrimination. Plaintiff never

---

[5]Plaintiff's complaint also alleges that she was refused medical leave from September 2011 to October 2011. (DE 1 ¶12). However, plaintiff was granted sick leave from September 20, 2011, to October 14, 2011. (Pl.'s Dep., 21-1, at 81).

9

specifies whether, or when, the younger teacher requested leave, or what type of documentation he was asked to provide. Additionally, plaintiff contends that Shannon "gave her a reprimand based on age." (DE 22). However, plaintiff has not indicated to the court the circumstances surrounding her reprimand, or how her reprimand related to age. Instead, plaintiff's only evidence in support of her discrimination charge is that "other teachers had had [sic] issues with this same student and they weren't reprimanded in the manner" that she was. (Pl.'s dep. DE 22, at 30). From the evidence supplied by plaintiff no reasonable juror could determine that the reason for denying plaintiff's leave or withholding pay were based on discriminatory motive.

Additionally, plaintiff offers no evidence in support of her contention that the changes to her schedule were based on age.[6] Instead the plaintiff relies on her expressed preferences not to teach freshmen, for a different planning period, and for a larger classroom. (Pl.'s dep., DE 21-1, at 63-77). Without more evidence, no reasonable juror could find that defendant's actions were a pretext for discrimination against plaintiff on the basis of her age. Therefore, plaintiff's objection is overruled.

  ii. **Retaliation**

The ADEA also affords plaintiffs who participate in "protected activity" protection from an employer's retaliatory actions. See 29 U.S.C. § 623(d). Specifically, it is "unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . testified, assisted, or

---

[6]Plaintiff does allege that another teacher, Ms. Caligure, told her it was Shannon's decision to reduce the size of her classroom. (Pl.'s Dep., DE 21-1, at 65). However, plaintiff indicates that Caligure never told her *why* Shannon had reduced the size of plaintiff's classroom. Further, even if Caligure had indicated that Shannon reduced the size of plaintiff's classroom, that statement, as hearsay contained in plaintiff's deposition, would not be appropriately considered on this motion for summary judgment. Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 973 n.8 (4th Cir. 1990).

10

participated in any manner in an investigation, proceeding, or litigation under this chapter. Id. To state a retaliation claim, plaintiff must show (1) she engaged in protected activity; (2) the employer took adverse employment action against her; and (3) a causal connection existed between the protected activity and the adverse action. Causey v. Balog, 162 F.2d 795, 803 (4th Cir. 1988); see also Munday v. Waste Mgmt. of N.A., Inc., 126 F.3d 239, 242 (4th Cir. 1997). Here, the court will assume plaintiff has established the prima facie case.[7]

Once plaintiff establishes the prima facie case, the burden shifts to the employer to produce a legitimate nonretaliatory reason. Lettieri v. Equant, Inc., 478 F.3d 640, 646 (4th Cir. 2007); Hill, 354 F.3d at 285. Finally, plaintiff must show that the defendant-employer's proffered reasons are false and that the employer was in fact motivated to retaliate. Burdine, 450 U.S. at 253.

---

[7]Plaintiff also alleges that she was retaliated against for failing to retire when defendant withheld eight days of pay from her September 2011 paycheck and would not allow her to return to work in October. (Pl.'s Dep., DE 21-1, at 85). The court will not accept that plaintiff has established her prima facie case on this particular issue. Plaintiff is unable to establish a causal connection between her failure to retire and the withholding of payment as a matter of law.

Plaintiff informed Shannon that she would not be retiring at the end of the 2011 school year in or around April 2011. (Id. at 29). Plaintiff alleges her pay was withheld for 8 days in the month of September, between September 20 and September 30, 2011. (Id. at 82). Plaintiff should have received the wages for those 8 days on September 30, 2011, instead she received them on October 31, 2011. (Id.).Plaintiff ultimately did receive her back wages on October 31, 2011. (Id. at 82-83). Plaintiff also alleges that in October 2011, defendant kept her from returning to work because she had a broken arm. (Pl.'s Dep.. DE 21-1, at 89-90).

The Fourth Circuit has previously upheld the entry of summary judgment on a retaliation claim when five months had passed between the date on which plaintiff engaged in the protected activity, and the date on which defendant allegedly retaliated. See Parrott v. Cheney, 748 F. Supp. 312 (D. Md 1989), aff'd per curiam, 914 F.2d 248 (4th Cir. 1990).Thus, where plaintiff informed Shannon of her intention to return in April, 2011, and was not allegedly retaliated against until at least September 30, 2011, plaintiff is unable to establish a causal connection existed between her protected activity and defendant's alleged retaliation.

11

Defendant submits the same proffered justifications. Plaintiff must demonstrate that these reasons are not truthful and that the true reason for her adverse employment action was plaintiff's participation in ADEA protected activity. Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007). However, plaintiff has again failed to come forward with any evidence that creates a genuine dispute as to whether defendant's proffered reasons were not truthful. In support of her position, plaintiff provides nothing more than conclusory allegations that she believed she was being retaliated against for her failure to retire at the end of the 2010-2011 school year. While she brings forward specific examples of what she believes is retaliation, she offers no evidence that connects those events with her failure to retire. Without more any jury verdict for plaintiff would be based on speculation and conjecture. Thus, defendant is entitled to summary judgment. Accordingly, plaintiff's objections to the M&R's determinations on plaintiff's ADEA claims are overruled.

b. **ADA Discrimination Claim**[8]

Plaintiff next objects to the M&R's finding that she did not have a valid claim for disability discrimination. Specifically, plaintiff alleges that the magistrate judge failed to consider her "work related stress and anxiety" as a source of discrimination. The M&R concluded that plaintiff's disability discrimination claim did not cover her "work related stress and anxiety," but instead only covered her purported disability resulting from her surgery. After review of the pleadings, motions and objections, the court finds plaintiff's objection without merit. Regardless of whether plaintiff's

---

[8] The M&R also recommends entry of summary judgment against plaintiff with respect to an ADA retaliation claim. It is not apparent from the record that plaintiff asserts an ADA retaliation claim. Further, plaintiff's objection to the M&R's findings on retaliation clearly address only retaliation under the ADEA. For these reasons, the court declines to discuss ADA retaliation, but does find that the magistrate judge's recommendation is not clearly erroneous.

claim was broad enough to cover her stress and anxiety, summary judgment is still appropriate in this case. Therefore, plaintiff's objection is overruled.

The ADA provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112. To establish a disability discrimination claim, the ADA, like the ADEA, employs the McDonnell Douglas burden-shifting proof structure. See Ennis v. Nat'l Ass'n of Business & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995). As discussed above, when applying the burden-shifting approach the plaintiff must first establish a prima facie case of discrimination. Next, the defendant then must articulate "some legitimate, nondiscriminatory explanation which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." Id. Finally, if defendant carries its burden of production, "the presumption created by the prima facie case 'drops out of the picture,' and the plaintiff bears the ultimate burden of proving that she has been the victim of intentional discrimination." Id. (internal citations omitted). The final step requires plaintiff to demonstrate that the employer's proffered assertions are untrue and that plaintiff's disability was the true motivating factor. See Rowe v. Marley Co., 233 F.2d 825, 831 (4th Cir. 2000).

With regard to any disability created by plaintiff's elective face-lift procedure, defendant has proffered the same non-discriminatory reasons for adjusting her course schedule, giving her an undesirable planning period, and changing the size of her classroom. Thus, plaintiff has the responsibility of coming forward with some evidence to discredit defendant's explanation. See id. As discussed above, plaintiff offers no evidence that defendant's reasons are untrue, or that defendant was motivated by a discriminatory animus. Where plaintiff's objection indicates that

13

plaintiff was suffering from "work related stress and anxiety," (DE 27, at 3), she provides no evidence that such stress and anxiety was the *source* of such discrimination. Therefore, plaintiff's objection is accordingly overruled.

## CONCLUSION

Based on the foregoing, upon *de novo* review of those portions of the M&R to which objections were raised, and upon considered review of the remaining portions of the M&R, the court ADOPTS the recommendation of the magistrate judge as set forth herein. Defendants' motion for summary judgment (DE 18) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 6th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge